UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE WILCOX FAMILY IRREVOCABLE
2004 TRUST, DEBORA JANE ALLEN &
CHARLES EVAN WILCOX,

    Plaintiffs,

v.                                                                          Case No: 8:22-cv-2504-KKM-AAS

TRANSAMERICA PREMIER LIFE
INSURANCE COMPANY,

    Defendant.
_____

# ORDER

    Plaintiffs The Wilcox Family Irrevocable 2004 Trust, Debora Jane Allen, and Charles Evan Wilcox sued Defendant Transamerica Premier Life Insurance Company (Transamerica) regarding a life insurance contract. The complaint includes three counts of breach of contract, each brought by a separate plaintiff. Transamerica simultaneously filed an answer, which only addresses the allegations in the first count of Plaintiffs' complaint and moved to dismiss the other two counts (Doc. 18; Doc. 19). The Court denied the motion to dismiss as moot because "[a]n answer filed contemporaneously with the filing of a Motion to Dismiss renders the motion moot and makes it 'procedurally impossible for

the Court to rule on the motion to dismiss.'" (Doc. 20) (quoting *Smith v. Bank of Am., N.A.*, No. 2:11-cv-676, 2014 WL 897032, *9 (M.D. Fla. Mar. 6, 2014)).

Transamerica now moves for clarification of that order. (Doc. 21). Though Transamerica does not request reconsideration, its motion invites the Court to do more than clarify the meaning its prior order and instead to reconsider the basis for it. But "[t]he Court's reconsideration of a prior order is an extraordinary remedy" that must be "used sparingly." *See Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993) (Kovachevich, J.). Thus, "the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinnings upon which the decision was based" and "the movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

Transamerica points out that, in this case, each separate claim for relief pertains to a separate plaintiff, while in the cases cited in the Court's order, the defendants simultaneously answered and moved to dismiss the same allegations made by the same plaintiff. *See Smith*, 2014 WL 897032, *9; *Brisk*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989). But Transamerica provides no justification for why this distinction makes a difference, and the Court is not convinced that it does.

The Federal Rules provide that in responding to a pleading, a defendant must "state in short and plain terms its defenses to *each claim* asserted against it." Fed. R. Civ. P.

2

8(b)(1)(A) (emphasis added). The Rules also provide that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Further, the Rules provide that when a motion to dismiss under Rule 12(b) is filed, a responsive pleading is not required until fourteen days after the Court denies or postpones ruling on the motion. Fed. R. Civ. P. 12(a)(4)(A). Thus, the Rules contemplate *one* responsive pleading by a defendant, not the piecemeal approach that Transamerica advances in its motion for clarification. Therefore, a motion to dismiss some claims while an answer is filed responding to others contravenes the Federal Rules, whether or not those claims relate to the same plaintiff.

Transamerica's sole support for its motion is the general admonition in Federal Rule of Civil Procedure 1 that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The Court is convinced that Transamerica's approach, because it would require piecemeal pleading, where some claims are answered in one document while others are answered in another, will require more time and expense. The most expeditious and inexpensive way to litigate these claims may well have been for Transamerica to move to dismiss the second and third claims and then file a single answer fourteen days after the Court ruled on the motion. *See* Fed. R. Civ. P. 12(a)(4). But that is not what Transamerica did.

Therefore, in the absence of "facts or law of a strongly convincing nature," the Court does not see fit to reconsider the prior order. *See Taylor Woodrow*, 814 F. Supp. at 1073.

Accordingly, the following is **ORDERED**:

1. To the extent that Transamerica requires clarification of the Court's prior order, the Court restates that the motion to dismiss, (Doc. 18), is denied as moot. And Transamerica may have leave to refile a complete answer by December 5, 2022.

2. To the extent Transamerica requests reconsideration of its order, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on November 23, 2022.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

4